J-S22039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHNNIE MICKELL | : | |
| Appellant | : | No. 1645 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 16, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001153-2022

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 15, 2025**

Johnnie Mickell appeals ***pro se*** from the October 16, 2024 judgment of sentence of 30 to 60 months' imprisonment, plus fines, imposed after a jury found him guilty of driving under the influence of alcohol or controlled substance ("DUI"),[1] and the Honorable William L.J. Burke found him guilty of the summary offense of driving on roadways laned for traffic.[2] After careful review, we affirm.[3]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3302(d)(2).

[2] ***Id.*** § 3309(1).

[3] The Commonwealth did not file a brief in this matter.

The relevant facts of this case were summarized at length by the trial court in its Pa.R.A.P. 1925(a) opinion and need not be reiterated in full here. *See* trial court opinion, 1/24/25 at 2-7. In sum, Appellant's convictions stemmed from a single-vehicle automobile accident that occurred on June 1, 2022 in Schuylkill County, Pennsylvania, whereby Appellant's vehicle careened off the roadway into a ditch and hit a tree. Notes of testimony, 9/9/24 at 39-40. Testimony at trial established that Appellant acknowledged to the responding Pennsylvania State Trooper that he was under the influence of Zoloft, Seroquel, and Trazadone at the time of the accident. *Id.* at 48. Appellant was subsequently transported to Lehigh Valley Hospital East where his blood tested positive for additional controlled substances, including Clonazepam and Alprazolam. *Id.* at 129-130.

Prior to trial, Appellant filed a motion indicating his desire to proceed *pro se*. On June 19, 2024, the trial court conducted a *Grazier*[4] hearing, at the conclusion of which the court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel.[5] Notes of testimony, 6/19/24 at 15. Appellant proceeded to a jury trial on September 9, 2024,

---

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[5] Karen Domalakes, Esq. served as Appellant's standby counsel during the June 19, 2024 hearing.

where he was subsequently found guilty of one count of DUI.[6] Notes of testimony, 9/9/24 at 182. The trial court, in turn, found Appellant guilty of the summary offense of driving on roadways laned for traffic. *Id.* at 188. As noted, the trial court sentenced Appellant to a term of 30 to 60 months' imprisonment, plus fines, on October 16, 2024.[7]

On November 6, 2024, *pro se* Appellant prematurely filed a notice of appeal from the October 16, 2024 judgment of sentence. The record reflects that Appellant filed a timely post-sentence motion on October 23, 2024, which was subsequently denied on January 24, 2025. We note that the interlocutory appeal as filed appears to have been perfected by the intervening January 24, 2025 order denying Appellant's post-sentence motion. *See* Pa.R.A.P. 905(a)(5) (a notice of appeal filed after the announcement of a determination but before entry of an appealable order shall be treated as filed after such entry and on the day thereof).[8]

---

[6] Andrea Thompson, Esq. served as Appellant's standby counsel during the September 9, 2024 jury trial.

[7] The record reflects that Appellant was considerably belligerent during the course of his sentencing hearing, challenging both Judge Burke and court personnel to a fist fight; referring to his standby counsel as "a dumba** b**ch"; and calling the trial judge "a f**king Klan member," "punk a** racist motherf**ker," and "racist pu**[y]," as well as warning Judge Burke that he was "going to pay [him] a visit." *See* notes of testimony, 10/16/24 at 12-19.

[8] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether his brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003) (citations omitted), ***appeal denied***, 879 A.2d 782 (Pa. 2005).

Here, our review reveals that Appellant's ***pro se*** brief falls considerably below the standards delineated in our Rules of Appellate Procedure. Preliminarily, we observe that Appellant's brief does not contain a separate summary of argument section, argument section, nor a short conclusion stating the precise relief sought. ***See*** Pa.R.A.P. 2111(a)(6), (8), and (9). On the contrary, the bulk of Appellant's brief is comprised of a 16-page "Statement of Case" and "Statement of the Score (sic) and Standard of Review" that fails to include any meaningful discussion and analysis of relevant legal authority, in direct violation of Rule 2119(a). ***See*** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Appellant's brief is also largely

- 4 -

devoid of the pertinent citations to the record in violation of Rules 2119(b) and (c), and his "Statement of the Case" is interwoven with multiple allegations that are not relevant to the factual or procedural history of this case. **See** Appellant's brief at 2-17.

Most significantly, Appellant has also failed to include a separate "Statement of Questions Involved" in his brief in direct violation of Rule 2116(a), which provides that the statement of the questions involved must state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P. 2116(a) note (emphasis added). Appellant's failure to include a separate statement of the questions involved is particularly troubling as this requirement defines the specific issues this Court is being asked to review. **See e.g.**, **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996).

Appellant's brief is confusing and presents vague, largely conclusory allegations of error as to why the criminal complaint in this matter should have been dismissed. As best we can discern from his woefully deficient brief, Appellant contends that he was subject to a "false arrest" because the trial court improperly accepted a defective criminal complaint and affidavit of probable cause on July 2, 2022, and Appellant did not commit any offenses on that date. Appellant's brief at 4, 13-17.

Given the substantial defects in Appellant's brief, we could quash his appeal for failure to comply with our Rules of Appellate Procedure. **Lyons**,

833 A.2d 245, 252. However, in light of the fact that Appellant's arguments were not sufficiently developed in his brief, we elect to find his claims waived. *See Commonwealth v. Taylor*, 277 A.3d 577, 591 (Pa.Super. 2022) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived.") (citation omitted); *Commonwealth v. Richard*, 150 A.3d 504, 513–514 (Pa.Super. 2016) (stating, "arguments which are not appropriately developed are waived.") (citation omitted).

In reaching this decision, we note that we will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). On the contrary, Appellant's status as a *pro se* litigant does not absolve him from responsibility for compliance with the rules. "Any person choosing to represent himself in a legal proceeding must . . . assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005).

Accordingly, we affirm the trial court's October 16, 2024 judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/15/2025